**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1554
_____

ROBERT HOLLY,
                    Appellant

v.

STRYKER CORPORATION; STRYKER SALES CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2:18-cv-00702)
Honorable Berle M. Schiller, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 13, 2019

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Opinion filed:  November 27, 2019)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Holly appeals the District Court's grant of summary judgment in favor of his former employer, Stryker, on his Age Discrimination in Employment Act and Pennsylvania Human Relations Act claims.[1]  For the reasons that follow, we will affirm.

## I.  Discussion[2]

We review a grant of summary judgment de novo and will affirm if "there is no genuine dispute as to any material fact" and if, viewing the facts "in the light most favorable to" Holly, Stryker is nonetheless "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009) (citation omitted).

Stryker asserts that it had legitimate, nondiscriminatory reasons[3] for terminating Holly's employment as a surgical-tools sales representative:  Holly received a customer complaint in violation of two performance and behavior plans (PBPs) and had a history of customer complaints.  *See Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 646 (3d Cir. 2015); *Smith*, 589 F.3d at 691–92.  To defeat summary judgment, Holly

---

[1] We have "determined that the interpretation of the PHRA is [generally] identical to that of federal anti-discrimination laws, including the ADEA," so we analyze both claims together.  *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).

[2] The District Court had jurisdiction over Holly's claims under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291.

[3] Holly does not dispute that Stryker has articulated these legitimate, nondiscriminatory reasons, and Stryker assumes arguendo that Holly met his burden of establishing a prima facie case, so we focus on the pretext prong of the *McDonnell Douglas* burden-shifting framework.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973).

must show that these reasons are pretextual by "point[ing] to evidence that would allow a factfinder to disbelieve the employer's reason[s]."[4] *Willis*, 808 F.3d at 644 (citing *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)). On appeal, Holly advances three arguments.

First, he maintains it was "too weak and implausible," Appellant's Br. 47, for a customer complaint that he sold a product that was soon to be superseded by a new version to trigger the second PBP's warning that any "further complaints . . . will result in immediate termination, at any time," A489, and that Stryker's actual motive for firing him must therefore have been age discrimination. But whether we think the complaint was valid is immaterial, for the question before us "is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." *Willis*, 808 F.3d at 647 (alteration in original) (citation omitted). The facts that sales representatives were given discretion when to notify customers of the product launch and that Stryker characterized the customer as feeling "duped" when she did not specifically use the word "duped," Appellant's Br. 51, may go to the soundness of Stryker's decision, but they do not sway our conclusion that Stryker relied on this complaint in firing Holly and did not use it as a mere pretext.

Next, Holly frontally attacks the second PBP, arguing that Stryker exaggerated the complaint that prompted the PBP and, thus, that both the PBP and Stryker's reliance on it

---

[4] Holly does not point to evidence that "an invidious discriminatory reason was more likely than not a motivating or determinative cause," as an alternative way to show pretext. *Willis*, 808 F.3d at 645 (internal quotation marks and citation omitted).

3

reveal pretext. While the PBP described the complaint as "many clinicians" being "frustrated" with Holly's behavior "in the Operating Room" and his "very aggressive . . . approach," A489, Holly claims that only two non-clinicians complained, but not about his behavior in the operating room, and that they did not say in depositions that he was aggressive. Even crediting Holly's version of the complaint, he does not draw out "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions," *Fuentes*, 32 F.3d at 765, that would lead a reasonable juror to believe that Stryker inflated the severity of the complaint, much less that it fabricated this PBP to ultimately fire Holly for discriminatory reasons.

Lastly, based on an implausible reading of the "Corrective Action" section of Stryker's Employee Handbook, A636, Holly contends that his first PBP had become inactive and that Stryker's reliance on it, including the complaints documented, was pretextual. We agree with the District Court that Holly's interpretation is belied by the Handbook's plain text and by the uncontradicted testimony of Stryker's Director of Human Resources. *See* A750–57; *Holly v. Stryker Corp.*, No. 18-702, 2019 WL 952233, at *7 (E.D. Pa. Feb. 27, 2019); *see also Smith*, 589 F.3d at 692 (finding no pretext where the plaintiff did not establish that the employer had a certain disciplinary policy or deviated from it). A mere allegation such as this cannot defeat summary judgment. *In re IKON Office Sols., Inc.*, 277 F.3d 658, 666 (3d Cir. 2002); Fed. R. Civ. P. 56(c)(1).

Because Holly has failed to produce any evidence that would allow a factfinder to disbelieve that Stryker fired him for receiving numerous customer complaints and for

failing to correct this performance issue after two notices, we conclude that pretext is not a triable issue and that Stryker is entitled to judgment as a matter of law.

## II.    Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of Stryker.